UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Crim. No. 06-235(EMS) |
| ) | |
| v. ) | |
| ) | |
| JUAN CRUZ, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant Juan Cruz, through undersigned counsel, respectfully submits the following memorandum in aid of sentencing. According to the presentence investigation report, Mr. Cruz's guideline sentencing range is 46 to 57 months. Based on all of the sentencing factors in this case, Mr. Cruz respectfully requests a sentence below the federal guideline range. Mr. Cruz requests the Court to sentence him to time-served followed by a period of supervised release that includes a condition of community confinement in a halfway house.

### DISCUSSION

Mr. Cruz is twenty six years old and a citizen of El Salvador. He is one of five children who were raised primarily by his mother after his father died. Mr. Cruz's mother lives in Alexandria, Virginia. Mr. Cruz originally came to the United States legally when he was twelve years old. He has lived here ever since that time. In 2001 he graduated from Gaithersburg High School. Upon his graduation, he immediately entered the workforce while pursuing an associate degree. He has been employed all of his adult life.

Prior to this case, Mr. Cruz had never been arrested or involved with the criminal justice system. As the many letters written on his behalf reflect, this crime represents a marked deviation

from an otherwise law abiding life.  <u>See</u> Letters of Friends and Family attached collectively as Exhibit A.  Although Mr. Cruz does not move for a departure under the sentencing guidelines, he asks the Court to recognize that under § 5K2.20, a sentence below the applicable guideline range is permitted where the defendant's criminal conduct constituted "aberrant behavior."  Section 5K2.20 lists five factors that preclude such a departure, and Mr. Cruz does not fall into any of the prohibited categories: (1) there was no serious bodily injury; (2) no firearm was used; (3) his instant offense is not a serious drug trafficking offense; (4) he does not have any criminal history points; and (5) he has no prior felony convictions.

Application Note 1 to U.S.S.G. § 5K2.20 defines "aberrant behavior" as "a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life."  Mr. Cruz's conduct satisfies this definition.

As the Court is aware, Mr. Cruz was arrested after he engaged in an internet conversation with an undercover police officer he believed to be a juvenile.  During that conversation Mr. Cruz agreed to come to Washington, DC from Maryland for the purpose of having sexual contact with that undercover officer posing as a juvenile.  Mr. Cruz was arrested when he arrived at the designated location.

Following the arrest of Mr. Cruz, the government searched his home and seized documents and electronic media, including the computer Mr. Cruz used to facilitate his crime.  There is no evidence that Mr. Cruz ever before engaged in the type of communication that is the subject of this case.  There is no evidence that Mr. Cruz ever in the past engaged in illegal behavior through the use of the computer.  Mr. Cruz was wrong to commit the acts to which he pleaded guilty and deeply

regrets his actions.

When Mr. Cruz was approached by law enforcement, he admitted to his wrongdoing. He pled guilty in this matter pre-indictment. Prior to his conviction in the instant matter, Mr. Cruz had no criminal convictions and was a positive influence in the lives of his family and people in his community. His conviction has cost, and will continue to cost him a great deal in terms of his personal relationships. A life in which Mr. Cruz had seemed to make so many good decisions is now forever tarnished as a result of his bad decision in this case. His poor choice was out of character for him and depresses him greatly. His acceptance of wrongdoing in this matter along with the support of the family members have given Mr. Cruz a hopeful perspective for his future. Mr. Cruz urges the Court to give him the opportunity to show that the grave mistake he has made is inconsistent with who he is and to impose a sentence that substitutes community confinement for any further period of incarceration.

In <u>United States v. Booker</u>, the Supreme Court directed sentencing courts to consider the factors set forth in 18 U.S.C. § 3553(a) in addition to consideration of any applicable sentencing guidelines. These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

The Court should certainly consider that Mr. Cruz's actions are a drastic deviation from an otherwise law-abiding life.

Mr. Cruz recognizes that the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and effectively provides the defendant with needed educational or vocational training and medical care. See 18 U.S.C. § 3553(a)(2). Balancing all of the purposes of sentencing, the Court must also impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." See 18 U.S.C. § 3553(a). A sentence that restricts Mr. Cruz to a halfway house would be more than adequate to meet the sentencing purposes set forth in §3553(a)(2).

Though Mr. Cruz stands convicted of a serious crime, the facts underlying his offense involve an undercover police officer and not an actual juvenile victim. His communications with the undercover officer, though improper and illegal, do not involve graphic details that suggest more profound deviances. Mr. Cruz admitted to his crime when first confronted and is truly remorseful. None of this is to suggest that Mr. Cruz should not be held accountable. Indeed, he has already suffered a toll as a result of his tarnished name, the loss of his job, and a permanent record for an aggravated felony.

The consequences of a conviction for aggravated felony have added significance for Mr. Cruz because he is not a citizen of the United States and is therefore deportable. See 8 U.S.C. §1101(a)(43) (defining aggravated felony as any federal crime of violence). Because of Mr. Cruz' status as a deportable alien, the service of his sentence will be harsher than that of a United States

citizen under similar circumstances.[1]  Pursuant to Federal Bureau of Prisons, Program Statement 5100.4: Security Designation and Custody Classification Manual (1992), Mr. Cruz will be designated as a Public Security Factor.  As such, Mr. Cruz will not be eligible to serve his sentence in a minimum security facility, he will not be permitted to participate in certain rehabilitation programs, nor will he be eligible to serve the last 10% of his sentence in a halfway house.  Furthermore, at some time prior to the completion of his sentence, immigration authorities will initiate deportation proceedings against him that will result in him being incarcerated in an immigration detention facility beyond his sentence in this matter.  Mr. Cruz requests the Court to consider these factors along with his background and history under United States v. Booker and 18 U.S.C. § 3553(a) in fashioning an appropriate sentence.

It is within the bounds of this Court's discretion to fashion a sentence that will serve the needs of the public for Mr. Cruz's punishment, but will also acknowledge that this is Mr. Cruz's first and only conviction in his life, that he is capable of living productively, and that the non-judicial consequences of his actions have cost him more than any term of imprisonment ever could.  For these reasons and any others that may appear at a hearing on this matter, Mr. Juan Cruz respectfully

---

[1] In Lok v. Immigration and Naturalization Service, 548 F.2d 37(2d Cir. 1977), the court described deportation as "a sanction which in severity surpasses all but the most Draconian criminal penalties."

requests that this Court sentence him to time served with a period of supervised release that substitutes community confinement for imprisonment.

          Respectfully submitted,

          A.J. Kramer
          Federal Public Defender

          /S/
          Tony Axam, Jr.
          Assistant Federal Public Defender
          625 Indiana Ave., N.W., Suite 550
          Washington, D.C.  20004
          (202) 208-7500