UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim. No. 06-235(EGS) |
| v. | ) | |
| JUAN CRUZ, | ) | |
| Defendant. | ) | |

## SUPPLEMENT TO DEFENDANT'S
## MEMORANDUM IN AID OF SENTENCING

Defendant Juan Cruz, through undersigned counsel, respectfully submits the following evaluation by Dr. Jerome Miller in aid of sentencing. The evaluation was performed with the purpose of assessing the extent of Mr. Cruz's psychosexual state and future risk of recidivism. Dr. Miller identifies Mr. Cruz as a man who would benefit from counseling regarding his involvement in the instant offense. Notably, Dr. Miller indicates that Mr. Cruz does not exhibit traits that would define him as pathologically predatory. See Ex. A at 4. Rather, Mr. Cruz's crime is borne out of a failure to maintain appropriate adult/adolescent boundaries. Id. Mr. Cruz obviously failed also to understand the potential consequences of his actions. Dr. Miller concludes that Mr. Cruz falls into the lowest category of risk to recidivate[1]. Id. at 5.

---

[1] Attached as Exhibit B are the first two pages of a 1994 Department of Justice, Bureau of Justice Statistics report that summarize recidivist statistics for male sex offenders. Of the statistical sample studied, 5.3% of sex offenders were rearrested for a sex crime within three years following their release from prison. Forty percent of their crimes were committed within 12 months of their release from prison.

Overall, the rearrest rate for sex offenders for any crime, was 43%. The rearrest rate for non-sex offenders was 68%. See 2003 Department of Justice Bureau of Justice Statistics Report, Recidivism of Sex Offenders Released from Prison in 1994, available at http://www.ojp.usdoj.gov/bjs/abstract/rsorp94.htm.

As he appears for sentencing at this time, Mr. Cruz is acutely aware of the potential consequences he faces. The recommended guideline range suggests a severe penalty that does not distinguish defendants who engage an actual minor in inappropriate discussions and those who engage a decoy. The recommended guideline range does not distinguish between individuals who pose a high future risk of recidivism and those who pose a low risk. The recommended guideline range does not distinguish between individuals who demonstrate a pathology of criminal conduct and those whose conduct is truly aberrational. Understandably, a violation of the 18 U.S.C. § 2423 does not turn on these considerations either. This Court, however, having been provided the full scope of the nature and circumstances of this particular offense, as well as the particular history and characteristics of Juan Cruz, enjoys the benefit of information not factored into the statute or its accompanying guidelines. In considering the appropriate punishment in this case, Mr. Cruz urges the Court to recognize that the recommended guideline range for Mr. Cruz is not reasonable and to sentence him below that range. Mr. Cruz has been confined since the time of his arrest on June 27, 2006.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

/S/
Tony Axam, Jr.
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500